TERESA DI VONA *vs.* WILLIAM M. LEE, City Treasurer.

JUNE 26, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)   Personal Injury.   Damages.   New Trial.*

While in a suit to recover compensation for personal injuries, pain and suffering, when the extent of the injury has been established, it is peculiarly within the province of the jury to determine the amount of the award, yet when it appears to the justice presiding that the amount of the verdict is based upon a finding as to the extent of injury which is unsupported by the evidence, or when such amount is grossly excessive upon any possible finding regarding the extent of the injury, it is the duty of the justice to grant a new trial, as the amount of the award is not based on the evidence.

TRESPASS ON THE CASE against a municipal corporation. Heard on exceptions of both parties and overruled.

SWEETLAND, J.   This is an action of trespass on the case brought against the city treasurer of Cranston to recover damages for personal injury alleged to have been caused by a defect in one of the highways of the city of Cranston, which defect is alleged to have existed at the time the plaintiff received said injury through the negligence of said city, its officers, and agents.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff for fifteen hundred dollars. Upon the defendant's motion for a new trial said justice refused to disturb the jury's finding that the defendant was liable, but held that the amount of the damages awarded was not supported by the evidence and granted a new trial unless the plaintiff should remit all damages in excess of eight hundred dollars. The plaintiff did not file her remittitur but excepted to the decision of said justice. The defendant also excepted to the decision of said justice. The case is before us upon the plaintiff's exception to the decision granting a new trial, and upon the defendant's exceptions to the refusal of said justice to grant a new trial without condition and to the refusal of said justice to grant the defendant's motion to direct a verdict in his favor at the close of the testimony.

There was evidence presented at the trial which tends to support the plaintiff's claim that on the evening of April 30, 1917, while she was proceeding with due care along the sidewalk on the westerly side of Cranston street in said city, she stepped into a hole in the sidewalk and was caused to fall with force to the ground thereby receiving injury; that she was ignorant of the existence of said hole; that in the condition of light on said street at the time of said occurrence she was not guilty of contributory negligence in failing to see said hole and in failing to avoid stepping into it; and that the city of Cranston through its responsible officers and agents had knowledge of said defect and ample opportunity to repair the same.

The defendant's exceptions are without merit. There was evidence offered at the trial which, if believed by the jury, warranted the finding that the alleged defect existed at the time of the plaintiff's fall, that said city had knowledge of it, and that her fall was caused by stepping into said defect. The issues in the case were properly submitted to the determination of the jury. The evidence upon the question of the defendant's liability was conflicting. The finding of

the jury on that question has been approved by the justice presiding and from an examination of the evidence we find no sufficient reason for setting aside his decision in that regard upon the motion for new trial.

We are also of the opinion that the plaintiff's exception to the decision of said justice granting a new trial should be overruled. The evidence as to the plaintiff's damages warranted the conclusion of said justice that she had failed to establish by a fair preponderance of evidence injuries justifying an award of damages in excess of eight hundred dollars. We have frequently said that in a suit to recover compensation for personal injuries, pain and suffering, when the extent of the injury has been established, it is peculiarly within the province of the jury to determine the amount of the award. When, however, it appears to the justice who presided at the trial that the amount of the verdict is based upon a finding as to the extent of injury which is unsupported by the evidence, or when said amount is grossly excessive upon any possible finding regarding the extent of the injury, it is the duty of said justice to set the verdict aside and grant a new trial, as the amount of the award is not based on the evidence and hence works injustice to the defendant. The plaintiff has cited in support of her position the language of the court in *Powell* v. *Rousseau*, 38 R. I. 294 at 300, in which the court said: "The justice does not suggest in his decision that in his opinion the jury were influenced by any improper motives. It appears simply that he would have arrived at a different conclusion from that of the jury. We are forced to hold that we find nothing in the evidence or in said decision which would justify us in accepting the estimate of the judge rather than that of the jury upon this question which is so clearly within the jury's province to determine." The matter then under consideration, with reference to which said language was used, was as to an estimate made by the justice presiding of the probable cost to a father of main-

taining a child from early youth during the period of her minority. It appeared in that case that the estimate of said justice was not based upon the evidence but rested entirely upon his own experience. The situation here differs essentially from that presented in *Powell* v. *Rousseau.* Here we have the judge's view, based upon evidence, of the amount of damages which would be just compensation for the injury which had been established by the preponderance of the evidence. Being of the opinion that the amount of the verdict was unfair said justice properly set it aside and ordered that unless the plaintiff would accept a sum which the evidence warranted he would refer the matter to another jury for determination.

We have examined all of the evidence and are of the opinion that the sum of eight hundred dollars, arrived at by said justice, is liberal compensation for the injury which the evidence fairly shows the plaintiff suffered as a result of the accident and that a larger award could be granted only upon a basis of physical injury which the plaintiff has entirely failed to establish.

The exceptions of both plaintiff and defendant are overruled. The case is remitted to the Superior Court for a new trial unless the plaintiff on or before July 7, 1919, shall in writing, filed with the clerk of the Superior Court, remit all of said verdict in excess of eight hundred dollars. If on or before said date the plaintiff files such remittitur the Superior Court is directed to enter judgment for the plaintiff for eight hundred dollars.

*Sullivan & Sullivan,* for plaintiff.
*Frank H. Wildes,* for defendant.